UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSEPH P. LEONARDO and AUDREY M.
LEONARDO,

                Plaintiff(s),　　　　　　　　　　　**MEMORANDUM & ORDER**

       -against-　　　　　　　　　　　　　　　21-CV-04949 (OEM) (JMW)

WELLS FARGO BANK, N.A., Successor by Merger
to Wachovia Mortgage, FSB, U.S. BANK TRUST
 NATIONALASSOCIATION, As Trustee for LB-Cabana
Series IV Trust, DRUCKMAN LAW GROUP, PLLC,
RUSHMORE LOAN MANAGEMENT SERVICES,
SN SERVICING CORPORATION, SPURS CAPITAL,
LLC, SCOTT H. SILLER ESQ., In His Individual and
Professional Capacities, REALTY ADVISORS, INC.,
LESLIE RENDON, Assistant to Vanessa Gonzalez,
In Her Individual Capacity, and VANESSA GONZALEZ,
Field Asset Manager for Spurs Capital in Her Professional
And Individual Capacities,

                Defendant(s).
-------------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

      Before the Court is Magistrate Judge Wicks' Report and Recommendation ("R&R"), ECF 203, recommending that the Court grant Defendants'—Wells Fargo Bank N.A. ("Wells Fargo"), Druckman Law Group, PLLC ("Druckman"), Rushmore Loan Management Services ("Rushmore"), Spurs Capital, LLC ("Spurs Capital"), Leslie Rendon ("Rendon"), and Vanessa Gonzalez ("Gonzalez") (collectively, the "Moving Defendants")—motion to dismiss pro se Plaintiffs Joseph P. Leonardo and Audrey M. Leonardo's claims against them under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state claims on which relief can be granted.  Defendants' Motion to Dismiss ("Defs. Motion to Dismiss"), ECF 175.  Plaintiffs timely filed their Objections to the R&R.  Plaintiffs'

1

Objections ("Objections"), ECF 211. Moving Defendants filed a response in opposition. ECF 212.

For the reasons that follow, Plaintiffs' Objections are overruled, and the Court accepts and adopts the thorough and well-reasoned R&R in its entirety. Accordingly, Moving Defendants' motion to dismiss is GRANTED.

## BACKGROUND

On August 23, 2021, Plaintiffs commenced this action by filing a complaint in the Southern District of New York against Defendants Wells Fargo, Druckman, and Rushmore, asserting violations of federal and New York law. ECF 1. The action was then transferred to this Court on August 25, 2021. ECF 3. Defendants Wells Fargo, Druckman, and Rushmore filed a motion to dismiss Plaintiffs' claims against them. ECF 47-49. In response, Plaintiffs sought and obtained leave to file an amended complaint. ECF 71, 76, 77, 82, 84, 85, 86, 87. The amended complaint asserted seven causes of action and added Defendants U.S. Bank Trust National Association ("USB"), SN Servicing Corporation ("SN"), Spurs Capital, and Scott Siller, Esq. ("Siller") to this action. ECF 92. The named Defendants in the amended complaint requested a pre-motion conference regarding their anticipated to dismiss the claims against them. ECF 106, 111, 118, 122. In response, Plaintiffs filed a motion for leave to amend their amended complaint. ECF 107.

On May 31, 2023, Magistrate Judge Wicks granted Plaintiffs' motion to amend their complaint and ordered them to serve their third amended complaint by June 9, 2023. Order Denying and Granting, ("May 31 Order"), ECF 125. In granting Plaintiffs' leave to file a third amended complaint, Magistrate Judge Wicks noted that "all consented and stipulated to the filing of Plaintiffs' anticipated third amended complaint as the operative pleading in this matter so that they could proceed to brief their motions to dismiss," and that "it was agreed that this will be the

final amended complaint in this matter . . . ." ECF 125, at 3. Consequently, Magistrate Judge Wicks "advised" the Plaintiffs "to include any and all amendments they intend[ed] to make in this action" and "reiterate[d] that [he would] not entertain any further amendments absent extraordinary circumstances." ECF 4.

On June 30, 2023, Plaintiffs filed their third amended complaint ("TAC"), which is the operative pleading in this action. ECF 136. In the TAC, Plaintiffs assert claims against Defendants Wells Fargo, USB, Druckman, Rushmore, SN, Spurs Capital, Siller, Rendon, Gonzalez, Friedman Vartolo, LLP ("FV"), Michael Nardolillo, Esq. ("Nardolillo"), and Realty Advisors, Inc. ("Realty Advisors"). Specifically, Plaintiffs assert the following claims against Defendants: (1) violations of the Fourteenth Amendment, 42 U.S.C. § 1983, and the ADA (Count 1); (2) fraud upon the courts (Count 2); (3) breach of good faith and fair dealing (against Defendant Wells Fargo only) (Count 3); (4) violations of the New York State Organized Crime Control Act ("NYSOCCA"), Penal Law Article 46 (against FV, Gold, Nordolillo, and Siller only) (Count 4); (5) malicious and injurious falsehood (against Spurs Capital, Realty Advisors, Rendon and Gonzalez only) (Count 5); (6) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count 6); (7) perjury/subordination of perjury and false swearing (as against Wells Fargo, USB, Druckman, Rushmore, Spurs Capital, FV, and Gold only) (Count 7); and (8) intentional infliction of emotional distress ("IIED") (Count 8), ECF 136.

Moving Defendants moved to dismiss the claims asserted against them in the TAC under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF 175.[1] Plaintiffs filed

---

[1] Defendants Realty Advisors and Siller have not yet appeared in this action. R&R, at 3 n.2. Defendants FV, Gold, and Nardolillo were voluntarily dismissed from the case on January 19, 2024. R&R, at 2 n.1 (citing Electronic Order dated January 19, 2024).

3

responses in opposition, ECF 179, 196, and Moving Defendants filed a reply in support of their motion, ECF 202.

On August 1, 2024, Magistrate Judge Wicks issued the R&R, setting forth a thorough and comprehensive summary of the claims in the TAC, the "protracted and somewhat tortured" procedural history, and the parties' arguments on the Moving Defendants' motions to dismiss. *See* R&R. Accordingly, the Court will discuss those matters only to the extent necessary to address the Plaintiffs' Objections.

The R&R made the following findings as to this Court's subject-matter jurisdiction to hear Plaintiffs' claims:

- *Rooker-Feldman* doctrine divests this Court of jurisdiction over Plaintiffs' claims because Plaintiffs lost in state court in both foreclosure actions, Plaintiffs' federal suit complains of injury caused by the state court's judgment, and seeks reversal of that judgment. R&R, at 28-31

- *Colorado River* abstention doctrine, which instructs courts to abstain from hearing a federal suit when that suit is parallel to and duplicative of pending state court ligation, does not apply in this case. The R&R found that Defendants failed to establish that this action and the state court actions are parallel. R&R, at 31-34.

- *Younger* abstention doctrine does not apply because this action is neither a criminal prosecution, nor a civil enforcement proceeding, and does not question the state court's ability to perform its judicial function. R&R, at 34-35.

Additionally, Magistrate Judge Wicks recommended that Plaintiffs' claims are barred by the doctrine of res judicata and that Plaintiffs otherwise fail to state claims on which relief can be granted for the following reasons:

1) Plaintiffs asserted claims in this action—violations of the Fourteenth Amendment, 42 U.S.C. § 1983, the ADA, the FDCPA, the NYSOCCA, breach of good faith and fair dealing, fraud upon the courts, malicious and injurious falsehood, perjury/subordination of perjury and false swearing, and IIED—that arose from the same transaction that was already litigated in the 2013 Foreclosure Action (i.e., the issuance of the loan, the subsequent default on the loan by the Plaintiffs, and Wells Fargo's attempted foreclosure of the Property) and therefore could have been raised (or were already raised) in that proceeding and/or in the 2016 Collateral Action. Thus, res judicata bars these claims. R&R, at 35-38.

2) As to Count I, Plaintiffs failed to state a § 1983 claim because the complaint fails to allege that Defendants acted under color of law and therefore Defendants were not state actors for purpose of § 1983 and the complaint also fails to sufficiently allege facts that the Defendants violated their due process rights. The R&R also found that Plaintiffs did not sufficiently plead a violation of the ADA because Plaintiffs did not allege that they were employees of the Defendants within the meaning of the ADA. R&R, at 39-42

3) As to Count II, Plaintiffs' claim of fraud upon the court fails because Plaintiffs submitted no evidence to support their conclusory assertions that any documents submitted to the Nassau Supreme Court, or the Appellate Division were falsified, nor that Defendants conspired with state court employees to defraud the Court. The R&R also found that there was no reason to believe that Plaintiffs' adjudication process in state court was "'egregiously' hampered" by Defendants' alleged actions. Plaintiffs failed to state a claim for fraud upon the court. R&R, at 43-45.

4) As to Count III, Plaintiffs' claim for breach of the implied duty of good faith and fair dealing of the mortgage agreement fails because Plaintiffs fail to establish that Defendants breached any provision of, or sought to prevent Plaintiffs' performance of, the mortgage contract. R&R, at 46-47.

5) As to Count IV, Plaintiffs' claim under NYSOCCA fails because that Act is a New York state penal law and therefore Plaintiffs cannot bring a private right of action under criminal state law. R&R, at 47 (citing *Wilson v. Neighborhood Restore Dev.*, 18-CV1172 (MKB), 2020 WL 9816020, at *5 (E.D.N.Y. Sept. 28, 2020)). The R&R also found that Plaintiffs' claim under FAPA, because the underlying foreclosure actions in 2010 and 2013 were timely filed within six years of loan acceleration as required by FAPA. *Id.*

6) As to Count V, Plaintiffs' claims for malicious and injurious falsehood fail because Plaintiffs failed to allege which statements Defendants made and failed to show any alleged statements were false or made with malice. Therefore, the R&R therefore found that Plaintiffs' allegations were conclusory and did not state claims for trade libel. R&R, at 48-49.

7) As to Count VI, Plaintiffs' FDCPA claim fails because Defendants are not debt collectors within the meaning of the FDCA and did not engage in conduct that violated the FDCPA. R&R, at 49-50.

8) As to Count VII, Plaintiffs' claim for IIED fails because Defendants' lawful foreclosure of Plaintiffs' property did not constitute "extreme and outrageous conduct" by Defendants and therefore Plaintiff failed to sufficiently plead one of the required elements for a IIED claim. R&R, at 51-52.

9) As to Count VIII, Plaintiffs' claims for perjury fail as a matter of law because there is no private right of action for perjury under New York law. R&R, at 52.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge de novo."); *Killoran v. Westhampton Beach Sch. Dist.*, 17-cv-00866, 2021 WL 665277, at *1 (E.D.N.Y. Jan. 25, 2021). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

"[O]bjections to a report and recommendation 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Kosmidis v. Port Auth. of New York & New Jersey*, 18-cv-08413, 2020 WL 7022479, at *1 (S.D.N.Y. Nov. 30, 2020) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)); *see also Molefe*, 602 F. Supp. 2d at 487 ("The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings."). Only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are therefore considered

7

"proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). "[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, 09-cv-00272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) (quotation marks omitted); *see also Molefe*, 602 F. Supp. 2d at 487.

## DISCUSSION

Plaintiffs raise several objections to the R&R, none of which directly challenge Magistrate Judge Wicks' findings that Plaintiffs have either failed to state claims on which relief can be granted or that the Court does not have jurisdiction to hear some of their claims. Instead, Plaintiffs largely recite some of the same arguments made before the Magistrate Judge, and do not argue why these arguments constitute specific objections to the R&R. Nonetheless, having conducted a review of the full record and applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the analysis and recommendations contained in the R&R in their entirety.

### A. Plaintiffs' Objections to the R&R

Plaintiffs object "to each and every portion of the R&R" with "the noted exception that [P]laintiffs do not object to the [R&R] to dismiss Plaintiffs' previously asserted claims under the Americans with Disabilities Act (the "ADA")[,]" arguing that the R&R "is contrary to fact and law and misconstrues, omits and misinterprets all of the underlying facts, circumstances, and fails to take proper and due notice the prior proceedings and the procedural posture of the matters considered." Objections, at 7. Specifically, Plaintiffs object to the R&R on the grounds that: (1) Magistrate Judge Wicks "improperly ignored the passage" of Foreclosure Abuse Act ("FAPA"), 2022 N.Y. Laws Ch. 821 (McKinney), failed to find that FAPA provides a basis for fraud upon the court, failed to analyze Plaintiffs' breach of covenant of good faith claims in light

8

of FAPA's enactment, and failed to analyze their IIED claims in light of FAPA's enactment; (2) Magistrate Judge Wicks "fail[ed] to grant the required leniency due [to] Plaintiffs based upon their pro se status"; (3) the *Rooker-Feldman*, res judicata, and collateral estoppel doctrines are inapplicable in this case; and (4) Magistrate Judge Wicks wrongly dismissed Plaintiffs' §1983 claim as conclusory. Objections, at 6. The Court addresses each objection in turn.

### 1. FAPA as Intervening Change in the Law

Plaintiffs state that FAPA constitutes intervening change in the law, and therefore, Magistrate Judge Wicks incorrectly determined that Plaintiffs' claims of fraud upon the court, breach of the covenant of good faith, and IIED should be dismissed. However, as the Defendants correctly point out, FAPA is not intervening change in the law because FAPA was enacted in December 2022—nearly six months before Plaintiffs filed their third amended complaint in June 2023. Courts in this Circuit have found that a decision issued or law enacted before a court rules on a party's motion does not constitute intervening change in the law. *See Lazzarino v. Kenton Assocs., Ltd.*, 96 Civ. 7842 (RO), 1999 WL 377859, at *2 (S.D.N.Y. June 8, 1999) (finding no intervening change in the law because the ruling was made well before the order Plaintiffs sought to be reconsidered); *see also Strini v. Edwards Lifesciences Corp.*, 05-cv-440 (GLS) (DRH), 2008 WL 820192, at *2 (N.D.N.Y. Mar. 26, 2008) (holding that the opinions cited as intervening changes "were both known at the time of the order and do not constitute an intervening change in prevailing law"); *see also Long v. U.S. Department of Justice*, 778 F. Supp. 2d 222, 229 (N.D.N.Y. 2011) (finding that a case, which was decided before the issuance of the court order and cited in petitioner's previous submissions, does not constitute an intervening change in controlling law). Further, Plaintiffs cannot in good faith argue that FAPA constitutes intervening law when Plaintiffs relied on FAPA to support their opposition to Moving Defendants' motion to dismiss. *See*

ECF 198, at 6. ("We are not a 'State Court Loser' and under FAPA we are winner" and "FAPA is a New York State Law that must be observed."). Even if that FAPA constituted intervening change, the proper procedural vehicle for a party to raise that issue is to file a motion for reconsideration or an appeal of this Court's decision. *See Person v. Mulligan Sec. Corp.,* 22-cv-2980 (AMD) (LB), 2024 U.S. Dist. LEXIS 85281, *5 (E.D.N.Y. May 10, 2024) (denying motion for reconsideration where plaintiff failed to produce new information or facts). Thus, the Court finds that Plaintiffs' objections that the fraud upon court, breach of covenant of good faith, and IIED claims should proceed on the ground that FAPA is intervening law, to be without merit. Accordingly, these objections are overruled.

### 2. Leniency to Pro Se Litigants

Plaintiffs summarily argue that Magistrate Judge Wicks failed to "grant the required leniency" in light of their pro se status. Because that objection is entirely conclusory and does not address the findings of the Magistrate Judge in his R&R, it is not "properly" made under Rule 72(b)(3). Even so, the R&R is replete of references to the Plaintiffs' pro se status and the liberal construction afforded to pro se litigants' allegations at the motion to dismiss stage. *See, e.g.,* R&R (stating that *Twombly* and *Iqbal* standards on a Rule 12(b)(6) motion "apply to pro se complaints, such as the one here, but in a far less rigid manner"); *id.* ("When cases involve a pro se complaint like here, the Court must interpret the pleading to raise the strongest claim suggested by the allegations."). Consequently, the objection is overruled.

### a.  *Rooker-Feldman* doctrine, Res Judicata, and Collateral Estoppel

The Court finds that the R&R correctly concluded that the claims should be dismissed under the *Rooker-Feldman* doctrine. Plaintiffs object and rely on the Second Circuit's decision in *Hunter v. McMahon*, 75 F.4th 62, 65 (2d Cir. 2023), which held that the *Rooker-Feldman* doctrine

does not bar a state-court loser from initiating a suit in federal court when an appeal remains pending in state court because that state-court proceeding had not ended. *See Hunter*, 75 F.4th at 65 (holding that *Rooker-Feldman* doctrine "applies only after state-court proceedings have 'ended'" and that the doctrine does not apply if a state-court appeal is pending at the time the federal suit is filed) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). This reliance is misplaced as Plaintiffs concede that there was no appeal pending at the time of the filing of their original complaint. Moreover, Plaintiffs' contention that the *Hunter* decision constitutes intervening change in the law and therefore the *Rooker-Feldman* doctrine does not apply to their claims is unavailing. As an initial matter, Plaintiffs have failed to explain how the *Hunter* decision would have altered Magistrate Judge Wicks' analysis and conclusion given that at the time this lawsuit was initially filed, Plaintiffs had not appealed the state-court judgment, and as such the *Hunter* holding is inapplicable. Further, the argument that the Second Circuit's decision constituted intervening law is incorrect. The Second Circuit issued its decision in July 2023, and Magistrate Judge Wicks issued the R&R in August 2024. *See Lazzarino*, 1999 WL 377859, at *2. Thus, this objection is overruled.

Plaintiffs' objection regarding Magistrate Judge Wicks' recommendation that their claims are barred by res judicata and collateral estoppel fares no better. Plaintiffs state that the doctrines of res judicata and collateral estoppel do not apply to their claims because FAPA constitutes a substantial change in the law that would alter the R&R's analysis and conclusion. The Court finds that the R&R applied the proper legal standard for res judicata and collateral estoppel, in finding that the Court should dismiss the claims on those grounds. The underlying foreclosure actions were previous adjudications on the merits and Plaintiffs had the opportunity to assert any additional claims in those state actions. *See Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970)

11

(holding that under New York law, "the doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein"); *See also Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) ("[I]f claims arise out of the same factual grouping they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief."). Applying the Second Circuit's collateral estoppel test in *Wyly v. Weiss*, 697 F.3d 1331, 141 (2d Cir. 2012), the R&R found that the issues raised in this action "directly mirror those raised in the 2016 Collateral Action that was dismissed pursuant to CPLR § 3211(a)(5) and (7)." R&R at 36 & n.24. Plaintiffs' objection on the basis that FAPA constituted intervening law does not directly challenge the R&R's legal and factual finding on this issue. As set forth above, FAPA does not constitute an intervening change in the law. *See Lazzarino*, 1999 WL 377859, at *2.

    **b.**    **Dismissal of Section 1983 as Conclusory Allegations**

Plaintiffs object to the R&R's recommendation that their § 1983 claims be dismissed as conclusory on the ground that their complaint has sufficiently alleged:

> [A] conspiracy between the private mortgage providers and servicers and the Courts to deprive plaintiffs of their constitutional rights, and the legislative findings on the enactment of FAPA that the New York Courts had aided and abetted (and conspired with) mortgage providers and services in perpetrating a fraud upon the Courts to deprive foreclosure defendants of their legal rights, such claims are sufficient to allege that those defendants were state actors, there is no basis to dismiss the § 1983 conspiracy claim as conclusory.

Objections, at 33. However, that argument was properly before Magistrate Judge Wicks and was properly addressed in the R&R:

> Plaintiffs claim they have adequately stated a claim for relief under Section 1983 and the Fourteenth Amendment because they have "clearly alleged that the state

12

court, and the state court personnel worked in conspiracy with, or colluded with [D]efendants, and were thereby transformed into entities who have violated Plaintiffs' rights under color of law or color of authority."

R&R, at 18-19. Magistrate Judge Wicks found these allegations conclusory because:

Plaintiffs have presented no evidence showing that Defendants forced them to proceed pro se in prior state litigation, nor that Defendants denied Plaintiffs "access to the courts" or that "other litigants in similar cases were treated differently than Mr. Leonardo" because New York State Courts did not dismiss the "duplicative" 2013 Foreclosure Action, as, Plaintiffs claim, they have done in other cases. *Id.* at ¶ 84. Likewise, Plaintiffs do not provide any evidence to suggest that Defendants, who are private entities, acted under "color of law." *See Manhattan Cmty. Access Corp.*, 587 U.S. 802, 809-10 (2019) (collecting cases).

R&R, at 41.

Plaintiffs' objection revives the same allegations in the complaint and arguments that Plaintiffs relied on in opposition the motion to dismiss. It does not challenge the R&R's finding that these allegations, as stated in the third amended complaint, are insufficient to plead that Defendants acted under color of law—one of the requirements to state a § 1983 claim. Because Plaintiffs' objection simply reiterates their allegations, the Court's review is for clear error. *See Killoran v. Westhampton Beach Sch. Dist.*, 17-CV-00866 (GRB) (SIL), 2021 WL 665277, at 1 (E.D.N.Y. Jan. 25, 2021) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.") (quoting *Caldarola v. Town of Smithtown*, 9-CV-272 (SJF)(AKT), 2011 WL 1336574, at 1 (E.D.N.Y. Apr. 4, 2011); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition."). Nonetheless, based on its *de novo* review, the Court finds no error in the R&R's application of the law to the factual allegations in this case. Indeed, Plaintiffs' allegations that Defendants conspired with the state courts are insufficient to plead that Defendants

13

acted under color of law. *See Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012) (finding that "Section 1983 conspiracy claim against a private [actor] requires more than pleading simply, and in conclusory fashion that the defendant 'conspired' with state actors") (quoting *Ciambriello v. Cnty of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002); *see id.* ("Instead, the plaintiff must allege: '(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.'") (quoting *Pacicca v. Stead*, 456 F. App'x 9, 12 (2d Cir. 2011). Plaintiffs' allegation of a conspiracy between Defendants and state actors to deprive them of their constitutional rights is bare and completely unsupported. Absent other factual elaboration, these allegations amount to nothing more than a bare recitation of the elements to plead § 1983 joint conspiracy and therefore are insufficient to survive a motion to dismiss. *See Stewart*, 851 F. Supp. 2d at 446.

3. **Plaintiffs' Request for Leave to Supplement their Third Amended Complaint under Rule 15(d)**

Plaintiffs also request under Federal Rule of Civil Procedure 15(d) that, if the Court were to overrule their objections and accept and adopt Magistrate Judge Wicks' R&R, the Court grant them leave to serve and file a further supplemental and amended complaint. The Court construes this request as a motion made under Rule 15(d). So construed, Plaintiffs argue that granting leave to supplement and amend their operative complaint "is necessary and required to allow [them] to further plead the substantial and highly consequential new facts and legal changes, developments[,] and new [s]tatutes enacted by [the] State of New York . . . that have occurred" since the filing of their original complaint. Objections, at 11. Plaintiffs assert that their proposed supplemental and amended complaint is attached as an exhibit to their Objections. *Id.* However,

14

this attachment is not reflected on the docket with the Objections, and no subsequent filings by the Plaintiffs attach a proposed supplemental and amended complaint.

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Rule gives district courts "broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment. In exercising its discretion, courts may deny leave to amend or to serve a supplemental pleading based on a showing of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eastern District of New York's Local Rule 15.1 ("Local Rule 15.1") requires that "all motions made under [Rule 15(d)] must also include as exhibit (1) a clean copy of the proposed amended or supplemental pleading [,] and (2) a version of the proposed pleading that shows . . . all differences from the pleading that is intended to amend or supplement." E.D.N.Y. R. 15.1 (amendment of pleadings).

Plaintiffs have not complied with Local Rule 15.1 requirement that they file their proposed supplemental pleading in support of their motion for leave to supplement their pleadings. Therefore, the motion must be denied. Moreover, this is Plaintiffs' second request seeking the same relief in less than a month since Magistrate Judge Wicks entered his R&R. In its Electronic Order dated September 9, 2024 ("September 9 Order"), the Court denied Plaintiffs' first request on the grounds that Magistrate Judge Wicks had found that the parties had jointly consented and stipulated that the third amended is the operative and "final amended complaint in this action" and advised Plaintiffs "to include any and all amendments" in that operative pleading. September 9

15

Order, at 3-4. In his Order, Magistrate Judge Wicks also "reiterate[d] that [the Court] w[ould] not entertain any further amendments absent extraordinary circumstances," Order, at 4, which is reason enough to deny the present motion as well.

Nonetheless, the Court will address more broadly Plaintiffs' arguments, none of which articulate a proper basis to grant the relief sought. Plaintiffs assert that the enactment of FAPA on December 30, 2022, constitutes intervening law such that the Court should allow them to supplement their pleadings once more. However, this is incorrect as these FAPA arguments were properly before Magistrate Judge Wicks and were addressed in the thorough and comprehensive R&R. Further, Plaintiffs point to the Appellate Division's December 20, 2023 decision and order staying the enforcement and sale of the property to support their position that Plaintiffs' appeal is "presumptively meritorious." Objections, at 18. But the Appellate Division's order merely stayed the proceeding below, which is customary and does not conclusively bear on the merits of the appeal. At bottom, Plaintiffs have not demonstrated a basis for reconsideration of the September 9 Order denying Plaintiffs' first request for leave to amend. Nor have plaintiffs demonstrated the "extraordinary circumstances" that Magistrate Judge Wicks required for amending the operative complaint.

Consequently, Plaintiffs' request for leave to supplement and amend their third amended complaint is denied.

### 4. Dismissal of Defendants Realty Advisors and Siller is Appropriate

Finally, Defendants Realty Advisors and Siller have not yet answered TAC or otherwise appeared in this action. R&R, 3 n.2. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (federal courts

have an obligation to examine their subject matter jurisdiction *sua sponte*); *U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross*, 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017) (dismissing *sua sponte* defendants who had yet responded to the complaint or appeared because the court found it lacked subject-matter jurisdiction).

Plaintiffs allege that, in the 2013 Foreclosure Action, Siller was appointed as successor referee by the state court judge in November 2022 and that Siller served as an "officer[ ] of the Court[.]". TAC ¶¶ 68, 94. Plaintiffs allege that Siller, as court-appointed referee, unlawfully conspired with other defendants to "illegally take Plaintiffs' real property." TAC ¶ 16. Plaintiffs further allege that, following his appointment as a successor trustee, Siller "filed a date for foreclosure which the [state court judge] also granted." TAC ¶ 78. Plaintiffs also assert that Siller "had had prior knowledge of the Federal Court action and Lis Pendens on the property, nevertheless he knowingly, willingly, wantonly, and maliciously became part of VF's conspiracy, along with the VF counsel, for the explicit purpose of violating [Plaintiffs'] right to invoke FAPA," TAC ¶ 76. As to Realty Advisors, Plaintiffs allege that Realty Advisors, the listing agent of the foreclosed Property, and their employees Rendon and Gonzalez committed malicious and injurious falsehood by "diseminat[ing] [false] data and information" to the public and "harass[ing]" Plaintiffs via the United States Postal Service regarding the foreclosed Property. TAC ¶¶ 151-52.

The Court finds that Magistrate Judge Wicks' analysis of the *Rooker-Feldman* doctrine to Plaintiffs' claims against Moving Defendants also applies to Plaintiffs' claims against Siller and Realty Advisors. *See* R&R, at 28-31. Comparison of the TAC with the state court orders readily shows that Plaintiffs seek to undo the valid state court orders entered in the 2013 Foreclosure Action. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) (finding that, to determine whether a plaintiff's "injury was produced by the state-court judgment" a court

17

"look[s] both at the allegations in the [plaintiff's] federal complaint and the records of the state-court proceedings"). While Plaintiffs have artfully couched their claims in terms of federal constitutional rights violations and wrongdoing by Siller and Realty Advisors, the Court finds that TAC is, at its core, another appeal of the state court orders. *See Hoblock*, 422 F.3d at 88; *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 334 (E.D.N.Y. 2012). Accordingly, the Court *sua sponte* dismisses Plaintiffs' claims against Realty Advisors and Siller under *Rooker-Feldman* doctrine.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Objections to the Report and Recommendation are OVERRULED, and Magistrate Judge Wicks' Report and Recommendation is hereby ADOPTED as findings and conclusions of this Court. Accordingly, Defendants' Motion to Dismiss is GRANTED, and Plaintiffs' request for leave to file a proposed amended complaint is DENIED. Further, Plaintiffs' claims against Defendants Realty Advisors and Siller are dismissed.

This Order constitutes a final judgment under Federal Rule of Civil Procedure 58. This case is dismissed in its entirety, and the Clerk of Court is respectfully DIRECTED to close this case.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

Dated: September 30, 2024
        Brooklyn, New York